# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK GORDON,

Plaintiff,

v.

No. 17-cv-143-DRH-SCW

J. CAMPANELLA, et al.,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff Patrick Gordon brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff Gordon's lawsuit stems from allegations that prison officials and staff denied him treatment for an ear infection. On March 24, 2017, the Court conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and the matter was referred to Magistrate Judge Stephen C. Williams (Doc. 6). Plaintiff was permitted to proceed on Count 1 of his complaint: Eighth Amendment deliberate indifference to medical needs claim against Defendants for providing Plaintiff with inadequate medical care for his left ear infection at Vienna from March 13, 2016 until January 24, 2017. Count 2 (Fourteenth Amendment due process claim) was

dismissed with prejudice and Count 3 (Illinois negligence and/or medical malpractice claim) was dismissed without prejudice. However, the Court stated:

> "If Plaintiff wishes to revive this claim, he is hereby ORDERED to file the required affidavits within 60 days (on or before May 22, 2017). Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 3 will become a dismissal with prejudice. See 735 ILL. COMP. STAT. § 5/2-622; FED. R. CIV. P. 41(b)."

(Doc. 6, pg. 17).

Thereafter, Gordon filed a motion to supplement the record on May 22, 2017 (Doc. 17). Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Williams submitted a Report and Recommendation ("the Report") on June 13, 2017 (Doc. 26). The Report recommends that the Court deny Gordon's motion to supplement his complaint in order to revive his medical negligence claim and convert the dismissal of Count 3 to a dismissal with prejudice. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

As highlighted by Magistrate Williams, in medical negligence cases, Illinois requires a plaintiff to attach to his complaint an affidavit declaring the existence of a "reasonable and meritorious cause for the filing of the action" as found by a consulting physician who has reviewed the matter. See 735 ILCS 5/2-622. The

controlling Illinois statute has very specific requirements for the content of the affidavit of merit. Among the requirements is that the plaintiff must attach a report from a reviewing health professional, stating the professional's "determination that a reasonable and meritorious cause for the filing of the action exists." 735 ILCS 5/2-622(a)(1.). Alternatively, a plaintiff could file an affidavit declaring he was unable to obtain the requisite physician consultation due to a pressing issue with the statute of limitations, or that a request for examination and copying of pertinent records has been made pursuant to 735 ILCS 5/8-2001, but that such records have not been timely produced. 735 ILCS 5/2-622(a)(2.)(3.). Plaintiff Gordon was given until May 22, 2017 to file the required documents; otherwise, the dismissal of Count 3 would become a dismissal with prejudice. (Doc. 6, p. 15). In Gordon's motion to supplement, he seeks for the Court to allow him to amend his Complaint to supplement "affidavits" from "qualified health professionals" in order to allow Plaintiff to revive his state law medical negligence claim. However, Plaintiff's affidavit does not contain any of the requisite assertions mentioned above.

Accordingly, the Court **ADOPTS** the Report (Doc. 26). The Court **DENIES** Gordon's motion to supplement (Doc. 17) for the reasons given in the Report and Recommendation. Also, pursuant to this Court's merits review order, the dismissal of Count 3 will become a dismissal with prejudice (Doc. 6). See 735 ILL. COMP. STAT. § 5/2-622; FED. R. CIV. P. 41(b). Accordingly, Count

3 of plaintiff's complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.08 12:03:44 -05'00'

**United States District Judge**