# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PATRICK GORDON,**

**Plaintiff,**

**v.**

**J CAMPANELLA et al.,**

**Defendants.**  No. 17-cv-143-DRH-SCW

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Background

Plaintiff Patrick Gordon brought this pro se action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff Gordon's lawsuit stems from allegations that prison officials and staff denied him treatment for an ear infection. When plaintiff Gordon first filed the underlying lawsuit he was an inmate incarcerated at Vienna Correctional Center (Doc. 1). Thereafter, on August 15th and 25th of 2017, mail sent to plaintiff by the Court was returned as undeliverable (Docs. 34 & 35). Magistrate Judge Williams set the matter for a status conference on September 12, 2017. The Court's notice of hearing warned plaintiff that his "failure to appear may result in dismissal of this suit for lack of prosecution." (Doc. 36). Following the notice, but prior to the status conference, on September 6, 2017, plaintiff filed a notice of change of address wherein he provided a new address in Evanston, Illinois (Doc. 37). Magistrate Williams nonetheless held the Status

Conference on September 12th, and plaintiff did not appear (Doc. 39). Magistrate Williams then set this matter for a Show Cause Hearing on October 3, 2017. (Id.). Plaintiff was ordered to show cause as to why this suit should not be dismissed for failure to prosecute, and the order warned that "PLAINTIFF'S APPEARANCE IS MANDATORY. FAILURE TO APPEAR MAY RESULT IN DISMISSAL AND/OR SANCTIONS." (Id.). However, on the date of the hearing, plaintiff failed to appear, and yet no mail has been returned to the Court as undeliverable.

## Law

Under Rule 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." FED.R.CIV.P. 41(b). A district court should dismiss a suit under Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhauser Co.*, 757 F.3d 695, 699 (7th Cir. 2014)(quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983))(internal quotations omitted). In addition, district courts have an inherent power to dismiss suits due to a plaintiff's failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 8L.Ed.2d 734 (1962). This power is necessary in order to prevent unnecessary delays in disposing of pending cases and to avoid clogging the district courts' calendars. Id. at 629 – 30.

## Analysis

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Williams submitted a Report and Recommendation ("the Report") on October 4, 2017 (Doc. 49). The Report recommends that the Court dismiss plaintiff's claims with prejudice for failure to prosecute. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

## Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 49). The Court **DISMISSES with prejudice** Gordon's claims for failure to prosecute for the reasons given in the Report and Recommendation. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2017.10.25
13:09:36 -05'00'

United States District Judge